Jeremy J. Hugus, #7-4630
PLATTE RIVER INJURY LAW
530 South Center Street
Casper, Wyoming 82601
P: (307) 215-9724
F: 1-844-416-9337
E: Hugus@PlatteRiverLaw.com

*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2018 DEC 11  PM 1:16
STEPHAN HARRIS, CLERK
CASPER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DEREK SABAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18CV212-MLC |
| | ) |
| SAFARILAND, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff through counsel and hereby avers and complains against Defendant as follows:

### I.   INTRODUCTION

1. This is a personal injury case involving a hand crush injury and partial finger amputation. The incident occurred at Safariland in Natrona County, Wyoming, on June 14, 2017. As the result of Defendant's negligence, Plaintiff sustained bodily injuries, pain and suffering, loss of enjoyment and quality of life, permanent impairment, permanent disfigurement and scarring, lost wages, and other damages to be determined by a jury at trial.

Receipt # CAS0002158
Summons: 1 issued
___ not issued

## II. PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is and was at all times relevant hereto a citizen of the State of Wyoming and a resident of Casper in Natrona County, Wyoming.

3. Defendant Safariland, LLC, (hereafter "Safariland" or "Defendant") is and was at all times relevant hereto a Florida for-profit corporation with its principal place of business in Jacksonville, Florida. Defendant is a registered, for-profit corporation conducting business in the State of Wyoming.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332 as this is a civil action, with complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

5. Venue is proper in this Court pursuant to 28. U.S.C. § 1391

6. The unlawful acts, violations, negligence, and breaches of duty that give rise to this action that occurred on June 14, 2017, within the State and District of Wyoming.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff repeats and fully incorporates all previous paragraphs.

8. On June 14, 2017, Plaintiff was working at Safariland through the temp agency Manpower.

9. Plaintiff was flaring the tops of steel cans with a hydraulic bliss press when the press malfunctioned and double pressed.

10. As a result of the malfunction and double press, Plaintiff's right middle finger was severely crushed. Plaintiff required surgery for his injuries and his finger was partially amputated.

11. There were no safeguards in place at the time of the press malfunction that caused Plaintiff's crush injury.

12. Defendant was aware that the bliss press has malfunctioned in the past but did nothing to fix the press or prevent future malfunction or injuries to Plaintiff and others using the press.

13. Defendant was aware that the bliss press had malfunctioned in the past but did nothing to warn Plaintiff or others using the press that it was dangerous and unreasonably safe.

14. Defendant deliberately disregarded and failed to follow appropriate and known safety procedures, protocols, and preventative measures regarding malfunctioning machinery on its job sites.

## IV.   FIRST CAUSE OF ACTION
### (Negligence)

15. Plaintiff repeats and fully incorporates all previous paragraphs.

16. Defendant owed a duty of ordinary care to act reasonably with respect to machinery that was not working properly.

17. Defendant breached its duties of ordinary care to the Plaintiff.

18. Defendant breached this duty and failed to exercise ordinary care by negligently failing to implement and follow appropriate safety procedures and protocols regarding its hazardous work equipment in order to make its it jobsite and its equipment safe for Plaintiff's use.

19. Defendant breached this duty by negligently failing to properly train and supervise employees and managers about workplace hazards and dangerous equipment.

20. Defendant breached this duty by negligently failing to implement appropriate safety procedures and protocols to make sure its machinery was working properly.

21. Defendant breached this duty by negligently failing to implement safety measures and install safety mechanisms on the hydraulic press.

22. Defendant breached this duty by knowingly allowing Plaintiff and others to use malfunctioning equipment without warning or notifying others, including Plaintiff, of the hazard.

23. Defendant breached this duty failing to follow proper procedures, protocols, and industry standards for repairing or stopping the use of known malfunctioning equipment.

24. Defendant's negligence, including but not limited to the above-enumerated safety violations and breaches of duty, was the direct and proximate cause of Plaintiff's past, present, and future damages.

25. These damages include but are not limited to permanent and irreparable bodily injuries, pain and suffering, loss of enjoyment and quality of life, severe emotional distress, permanent impairment, permanent disfigurement and scarring, psychological trauma, mental anguish, lost wages, and other economic and non-economic damages.

26. Defendant breached its duties through its actions, errors, and omissions as enumerated hereinabove in a manner it knew or reasonably should have known created a high probability of serious bodily injury, or harm to others including Plaintiff.

27. Because Defendant's actions, errors, and omissions were willful and wanton or reckless in nature and with disregard for Plaintiff's physical, emotional, and financial safety and well-being, Plaintiff is entitled to punitive damages.

## V. SECOND CAUSE OF ACTION
### (Premises Liability)

28. Plaintiff repeats and fully incorporates all previous paragraphs.

29. Defendant, as the owner and operator of Safariland, owed a duty of care to act reasonably for the safety of its employees, subcontractors, and anyone else providing work services for it, including Plaintiff.

30. Defendant owed a duty of ordinary care to keep and maintain its facility, machinery, and equipment in a safe working condition to minimize the likelihood of injury to employees, subcontractors, and anyone else providing work services for it, including Plaintiff.

31. Defendant owed a duty to protect and warn its employees, subcontractors, and anyone else providing work services for it, including Plaintiff, against harm known to it and dangers it could have discovered with the exercise of reasonable care.

32. Defendant breached its duties of ordinary care to Plaintiff by creating and failing to correct circumstances that created an unreasonable probability of danger to Plaintiff.

33. Defendant's negligence and breaches of duty were the direct and proximate cause of Plaintiff's past, present, and future damages.

34. These damages include but are not limited to permanent and irreparable bodily injuries, pain and suffering, loss of enjoyment and quality of life, severe emotional distress, permanent impairment, permanent disfigurement and scarring, psychological trauma, mental anguish, lost wages, and other economic and non-economic damages.

35. Defendant breached its duties through its actions, errors, and omissions as enumerated hereinabove in a manner it knew or reasonably should have known created a high probability of serious bodily injury or harm to others working for it or with its equipment, including Plaintiff.

36. Because Defendant's actions, errors, and omissions were willful and wanton or reckless in nature and with disregard for Plaintiff's physical, emotional, and financial safety and well-being, Plaintiff is entitled to punitive damages.

## VI. JURY DEMAND

Plaintiff hereby demands a jury trial in this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against Defendant and award Plaintiff the following relief, sufficient to compensate him for all of his injuries, damages, and loss to be determined by a jury at trial:

A. Damages for bodily injuries, past and future medical bills, lost wages, other related and necessary expenses and all other losses caused by Defendant's negligence;

B. Damages for mental anguish and distress, emotional trauma, past and future disfigurement, and physical pain and suffering;

C. Damages for the loss of enjoyment and quality of life;

D. Punitive and exemplary damages for Defendant's acts, errors, and omissions which were willful, wanton, and reckless and with disregard for Plaintiff's physical, emotional, and financial safety and well-being;

E. Litigation costs and expenses including expert witness and attorney's fees;

F. Pre- and post-judgment interest on all awarded damages;

G. An award of such other remedies and relief as this Court finds just and proper.

RESPECTFULLY SUBMITTED this _____ day of December, 2018.

_____
Jeremy J. Hugus, #7-4630
PLATTE RIVER INURY LAW
530 South Center Street
Casper, Wyoming 82601
P: (307) 215-9724
F: 1-844-416-9337
E: Hugus@PlatteRiverLaw.com

*Attorney for Plaintiff*